SEALED

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 11-CR-10187 PBS |
| | ) | |
| v. | ) | |
| | ) | |
| 1. ALDO FERNANDO | ) | 18 U.S.C. § 1956(h) - |
|    GUERRERO CLAVIJO, | ) | Money Laundering Conspiracy |
|    a.k.a. Carlos Fernando | ) | |
|    Guerrero C, a.k.a. "Zeus,") | | 21 U.S.C. §§ 963, 952, 959(a), |
|    a.k.a. "Rolo," | ) | and 960(b)(1)(B) - Conspiracy |
| 2. NELSON ALVARO | ) | To Import and Distribute and |
|    ARTEAGA-ESPINOZA, | ) | Manufacture for Unlawful |
|    a.k.a. "Pastuso," | ) | Importation Five Kilograms or |
| 3. JUAN CARLOS | ) | More of Cocaine |
|    GOMEZ-PRECIADO, | ) | |
|    a.k.a. "Camilo," | ) | 18 U.S.C. § 1956(a)(1) - |
| 4. ANDRES COVELLI CADAVID, | ) | Money Laundering |
|    a.k.a. "Don Andres," | ) | |
|    a.k.a. Andres Torres | ) | 18 U.S.C. § 1956(a)(2)(B)(i) - |
|    Landines, | ) | International Money Laundering |
| 5. JOHAN LEONARDO | ) | |
|    JAUREGUI VARGAS, | ) | 18 U.S.C. § 2 - Aiding and |
|    a.k.a. Jhojan Jauregui | ) | Abetting |
|    Frias, a.k.a. "Leo," | ) | |
| 6. CARLOS ORLANDO | ) | 18 U.S.C. § 982(a)(1) - |
|    ZAMBRANO-BRICEÑO, | ) | Money Laundering Asset |
|    a.k.a. "Ajigbotifa | ) | Forfeiture Allegation |
|    Agunsola," | ) | |
| 7. JOSE ALBERTO | ) | 21 U.S.C. §§ 853 and 970 - |
|    CARMONA COLMENARES, | ) | Drug Asset Forfeiture |
| 8. EDUARDO PABUENCE, | ) | Allegation |
|    a.k.a. Eduardo Vene, | ) | |
| 9. WILSON ORLANDO | ) | |
|    SERNA-HOYOS, | ) | |
|    a.k.a. "El Mono," | ) | |
| 10. PEDRO JOSÉ AMADO MONTILLA,) | | |
|    a.k.a. "El Viejo," | ) | |
| 11. JAIME TORRES-RODRIGUEZ, | ) | |
| 12. WYLLSYEN MARQUEZ-GOMEZ, | ) | |
|    a.k.a. "Primo," | ) | |
| 13. FREDDY FRANCISCO CAICEDO, ) | | |
|    a.k.a. "la Salsa," | ) | |
|    a.k.a. "Moreno," | ) | |
| 14. GUILLERMO VILLEGAS- | ) | |
|    ZULUAGA, | ) | |

```
      a.k.a.  "Memo,"               )
15.   JUAN CARLOS                   )
      GUADALUPE-NUNEZ,              )
      a.k.a. "El Viejo,"            )
16.   DANIEL OSORIO GARCIA,         )
17.   JULISSA PEREZ,                )
18.   HENDERSON MARTINEZ,           )
      a.k.a. "Juan,"                )
19.   ROBERTO TORRES-COLON,         )
      a.k.a. "Chappa," and          )
20.   RIGOBERTO MURIEL TORRES,      )
      a.k.a. "la Erre"              )
                                    )
          Defendants.               )
```

## INDICTMENT

**COUNT ONE:**     (Title 18, United States Code, Section 1956(h) -
                 Money Laundering Conspiracy)

The Grand Jury charges that:

From an unknown date but at least by in or about May, 2007

and continuing up to and including the date of this Indictment,

at Boston, Woburn, Revere, Somerville, Cambridge, and elsewhere

in the District of Massachusetts, in the Southern District of New

York, the Eastern District of Pennsylvania, the Southern District

of Florida, the District of Puerto Rico, the Southern District of

Texas, the Northern District of Illinois, the Southern District

of California, the Northern District of Georgia, the District of

New Jersey, and elsewhere in the United States, and in Colombia,

Mexico, Panama, Sint Maarten, Venezuela, Guatemala, Portugal, the

Netherlands, Italy and elsewhere,

                1.    ALDO FERNANDO GUERRERO CLAVIJO,
                      a.k.a. Carlos Fernando Guerrero C,

```
        a.k.a. "Zeus," a.k.a. "Rolo,"
 2.     NELSON ALVARO ARTEAGA-ESPINOZA,
        a.k.a. "Pastuso,"
 3.     JUAN CARLOS GOMEZ-PRECIADO
        a.k.a. "Camilo,"
 4.     ANDRES COVELLI CADAVID
        a.k.a. "Don Andres," a.k.a. Andres
        Torres Landines,
 5.     JOHAN LEONARDO JAUREGUI VARGAS,
        a.k.a. Jhojan Jauregui Frias, a.k.a.
        "Leo,"
 6.     CARLOS ORLANDO ZAMBRANO-BRICEÑO,
        a.k.a. "Ajigbotifa Agunsola,"
 7.     JOSE ALBERTO CARMONA COLMENARES,
 8.     EDUARDO PABUENCE,
        a.k.a. Eduardo Vene,
 9.     WILSON ORLANDO SERNA-HOYOS,
        a.k.a. "El Mono,"
10.     PEDRO JOSÉ AMADO MONTILLA,
        a.k.a. "El Viejo,"
11.     JAIME TORRES-RODRIGUEZ,
12.     WYLLSYEN MARQUEZ-GOMEZ,
        a.k.a. "Primo,"
13.     FREDDY FRANCISCO CAICEDO,
        a.k.a. "la Salsa," a.k.a. "Moreno,"
14.     GUILLERMO VILLEGAS ZULUAGA,
        a.k.a. "Memo,"
15.     JUAN CARLOS GUADALUPE-NUNEZ,
        a.k.a. "El Viejo,"
16.     DANIEL OSORIO GARCIA,
17.     JULISSA PEREZ,
18.     HENDERSON MARTINEZ,
        a.k.a. "Juan," and
19.     ROBERTO TORRES-COLON,
        a.k.a. "Chappa,"
```

defendants herein, did knowingly and intentionally combine,

conspire, confederate and agree with each other and other

individuals known and unknown to the grand jury:

(a)   knowing that the property involved represented the

proceeds of some form of unlawful activity, to and attempt to

4

conduct financial transactions affecting interstate and foreign commerce, which in fact involved the proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance and, with respect to financial transactions occurring in whole and in part in the United States, an offense against a foreign nation involving the manufacture, importation, sale, and distribution of a controlled substance, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

(b) to transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful

5

activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance and, with respect to financial transactions occurring in whole and in part in the United States, an offense against a foreign nation involving the manufacture, importation, sale, and distribution of a controlled substance, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i); and

(c)  knowingly to engage and attempt to engage in monetary transactions by, through, and to a financial institution in the United States and in the special maritime jurisdiction of the United States affecting interstate and foreign commerce, in criminally derived property that was of a value greater than $10,000 and was derived from specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance and, with respect to financial transactions occurring in whole and in part in the United States, an offense against a foreign nation involving the manufacture, importation, sale, and distribution of a controlled substance, knowing that the property was derived from some form of unlawful activity, in violation of 18 U.S.C. § 1957.

All in violation of Title 18, United States Code, Section 1956(h).

**COUNT TWO:**    (Title 21, United States Code, Section 963 -
Conspiracy to Import Cocaine and to Distribute and
Manufacture Cocaine for Unlawful Importation)

The Grand Jury further charges that:

From an unknown date but at least by in or about some time

in January, 2008, and continuing up to and including the date of

this Indictment, in Southern District of Texas, and elsewhere in

the United States, Mexico, Guatemala, and Colombia

and elsewhere outside the United States but within the

extraterritorial jurisdiction of the United States and the

District of Massachusetts,

> 1. **ALDO FERNANDO GUERRERO CLAVIJO,**
>     **a.k.a. Carlos Fernando Guerrero C,**
>     **a.k.a. "Zeus," a.k.a. "Rolo,"**
> 3. **JUAN CARLOS GOMEZ-PRECIADO**
>     **a.k.a. "Camilo," and**
> 20. **RIGOBERTO MURIEL TORRES,**
>     **a.k.a. "la Erre"**

defendants herein, did knowingly and intentionally combine,

conspire, confederate, and agree with each other and with other

persons, known and unknown to the Grand Jury, to commit the

following offenses against the United States: (1) to unlawfully,

knowingly and intentionally import cocaine, a Schedule II

controlled substance, into the United States from a place outside

thereof, namely, Colombia, Mexico and Guatemala, in violation of

Title 21, United States Code, Section 952(a); and (2) to

manufacture and distribute cocaine, a Schedule II controlled

substance, intending and knowing that such substance would be

7

unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(a).

It is further alleged that the conspiracy described herein involved at least five (5) kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.  Accordingly, Title 21, United States Code, Section 960(b)(1)(B) applies to this Count.

All in violation of Title 21, United States Code, Section 963.

**COUNT THREE:** **(18 U.S.C. § 1956(a)(1)(B)(i) - Money Laundering; 18 U.S.C. § 2 - Aiding and Abetting)**

The Grand Jury further charges that:

On or about the dates, and at or about the locations, specified below, in the District of Massachusetts, in the Southern District of New York, in the Southern District of Florida, Venezuela, Colombia, and elsewhere,

### 6.   CARLOS ORLANDO ZAMBRANO-BRICEÑO, a/k/a "Ajibogtifa Agunsola,"

defendant herein, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, did knowingly conduct, attempt to conduct, and aid, abet, counsel, command, induce, and procure another person to conduct, a financial transaction affecting interstate and foreign commerce, that is, the delivery of $116,800.00 in U.S. currency on September 6, 2007, in the Southern District of New York, the deposit and transfer of that currency into a financial institution in the District of Massachusetts, and the subsequent wire transfer of $108,960.00 on September 10, 2007, from the District of Massachusetts to a bank account in the Southern District of Florida, which transaction in fact involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance, knowing that the transaction was designed, in whole and in part, to

9

conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

10

**COUNT FOUR:**    **(18 U.S.C. § 1956(a)(2)(B)(i) - International Money Laundering; and 18 U.S.C. § 2 - Aiding and Abetting)**

The Grand Jury further charges that:

On or about the dates, and at or about the locations, specified below, in the District of Massachusetts, the Southern District of Florida, Guatemala, Venezuela, Colombia, and elsewhere,

> 1. **ALDO FERNANDO GUERRERO CLAVIJO,**
> a.k.a. **Carlos Fernando Guerrero C,**
> a.k.a. **"Zeus,"** a.k.a. **"Rolo,"** and
> 6. **CARLOS ORLANDO ZAMBRANO-BRICEÑO,**
> a.k.a. **"Ajigbotifa Agunsola,"**

defendants herein, did, and attempt to, transport, transmit, and transfer, and aid, abet, counsel, command, induce, and procure another person to transport, transmit, and transfer a monetary instrument and funds to a place in the United States through and from a place outside the United States that is, the delivery of $999,890.00 in U.S. currency in Guatemala City, Guatemala, on January 23, 2008, the deposit and transfer of that currency into a financial institution in the District of Massachusetts, and the subsequent wire transfer of $939,890.00 on January 30, 2008, to a bank account in the Southern District of Florida, knowing that the monetary instruments and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity, and knowing that the transportation, transmission, and transfer was designed, in whole

11

and in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance and, with respect to financial transactions occurring in whole and in part in the United States, an offense against a foreign nation involving the manufacture, importation, sale, and distribution of a controlled substance.

All in violation of Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2.

12

**COUNT FIVE:**     (18 U.S.C. § 1956(a)(2)(B)(i) - **International Money Laundering; and 18 U.S.C. § 2 - Aiding and Abetting)**

The Grand Jury further charges that:

On or about the dates, and at or about the locations, specified below, in the District of Massachusetts, the Southern District of Florida, Guatemala, Venezuela, Colombia, and elsewhere,

1. **ALDO FERNANDO GUERRERO CLAVIJO, a.k.a. Carlos Fernando Guerrero C, a.k.a. "Zeus," a.k.a. "Rolo,"**
5. **JOHAN LEONARDO JAUREGUI VARGAS, a.k.a. Jhojan Jauregui Frias, a.k.a. "Leo," and**
6. **CARLOS ORLANDO ZAMBRANO-BRICEÑO, a.k.a. "Ajigbotifa Agunsola,"**

defendants herein, did, and attempt to, transport, transmit, and transfer, and aid, abet, counsel, command, induce, and procure another person to transport, transmit, and transfer a monetary instrument and funds to a place in the United States through and from a place outside the United States that is, the delivery of $1,035,678.00 in U.S. currency in Guatemala City, Guatemala, on March 14, 2008, the deposit and transfer of that currency into a financial institution in the District of Massachusetts, and the subsequent wire transfer of $471,591.00 on March 19, 2008, and $471,590.00 on March 20, 2008, to a bank account in the Southern District of Florida, knowing that the monetary instruments and funds involved in the transportation, transmission, and transfer

13

represented the proceeds of some form of unlawful activity, and knowing that the transportation, transmission, and transfer was designed, in whole and in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance and, with respect to financial transactions occurring in whole and in part in the United States, an offense against a foreign nation involving the manufacture, importation, sale, and distribution of a controlled substance.

All in violation of Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2.

14

COUNT SIX:      (18 U.S.C. § 1956(a)(2)(B)(i) - International
                Money Laundering; and 18 U.S.C. § 2 - Aiding and
                Abetting)

The Grand Jury further charges that:

On or about the dates, and at or about the locations,

specified below, in the District of Massachusetts, Portugal,

Italy, Venezuela, Colombia, and elsewhere,

> 1. **ALDO FERNANDO GUERRERO CLAVIJO,**
>    **a.k.a. Carlos Fernando Guerrero C,**
>    **a.k.a. "Zeus," a.k.a. "Rolo,"**
> 6. **CARLOS ORLANDO ZAMBRANO-BRICEÑO,**
>    **a.k.a. "Ajigbotifa Agunsola," and**
> 7. **JOSE ALBERTO CARMONA COLMENARES,**

defendants herein, did, and attempt to, transport, transmit, and

transfer, and aid, abet, counsel, command, induce, and procure

another person to transport, transmit, and transfer a monetary

instrument and funds from a place in the United States to and

through a place outside the United States, and to a place inside

the United States from and through a place outside the United

States, that is, the delivery of 200,000 in Euro currency in

Rome, Italy, on June 5, 2008, the deposit and transfer of that

currency into a financial institution in the District of

Massachusetts, and the subsequent wire transfer of $288,994.00 on

June 12, 2008, to a bank account in Portugal, knowing that the

monetary instruments and funds involved in the transportation,

transmission, and transfer represented the proceeds of some form

of unlawful activity, and knowing that the transportation,

15

transmission, and transfer was designed, in whole and in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance and, with respect to financial transactions occurring in whole and in part in the United States, an offense against a foreign nation involving the manufacture, importation, sale, and distribution of a controlled substance.

All in violation of Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2.

16

**COUNT SEVEN:** **(18 U.S.C. § 1956(a)(2)(B)(i) - International Money Laundering; and 18 U.S.C. § 2 - Aiding and Abetting)**

The Grand Jury further charges that:

On or about the dates, and at or about the locations, specified below, in the District of Massachusetts, the Southern District of Florida, Mexico, Venezuela, Colombia, and elsewhere,

**6. CARLOS ORLANDO ZAMBRANO-BRICEÑO, a.k.a. "Ajigbotifa Agunsola,"**

defendant herein, did, and attempt to, transport, transmit, and transfer, and aid, abet, counsel, command, induce, and procure another person to transport, transmit, and transfer a monetary instrument and funds to a place in the United States from and through a place outside the United States that is, the delivery of $475,200.00 in U.S. currency in Mexico City, Mexico, on October 29, 2008, the deposit and transfer of that currency into a financial institution in the District of Massachusetts, and the subsequent wire transfer of $441,600.00 on November 3, 2008, to a bank account in the Southern District of Florida knowing that the monetary instruments and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity, and knowing that the transportation, transmission, and transfer was designed, in whole and in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, that is, the felonious manufacture, importation,

receiving, concealment, buying, selling, and otherwise dealing in a controlled substance and, with respect to financial transactions occurring in whole and in part in the United States, an offense against a foreign nation involving the manufacture, importation, sale, and distribution of a controlled substance.

All in violation of Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2.

18

**COUNT EIGHT:**   **(18 U.S.C. § 1956(a)(2)(B)(i) - International Money Laundering; and 18 U.S.C. § 2 - Aiding and Abetting)**

The Grand Jury further charges that:

On or about the dates, and at or about the locations, specified below, in the District of Massachusetts, the Southern District of Florida, Italy, Venezuela, Colombia, and elsewhere,

> 1.  **ALDO FERNANDO GUERRERO CLAVIJO,**
>     **a.k.a. Carlos Fernando Guerrero C,**
>     **a.k.a. "Zeus," a.k.a. "Rolo," and**
> 5.  **JOHAN LEONARDO JAUREGUI VARGAS,**
>     **a.k.a. Jhojan Jauregui Frias, a.k.a.**
>     **"Leo,"**

defendants herein, did, and attempt to, transport, transmit, and transfer, and aid, abet, counsel, command, induce, and procure another person to transport, transmit, and transfer a monetary instrument and funds to a place in the United States through and from a place outside the United States that is, the delivery of 75,550.00 in Euro currency in Rome, Italy, on November 13, 2008, the deposit and transfer of that currency into a financial institution in the District of Massachusetts, and the subsequent wire transfer of $87,799.00 on November 18, 2008, to a bank account in the Southern District of Florida, knowing that the monetary instruments and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity, and knowing that the transportation, transmission, and transfer was designed, in whole and in part, to

19

conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance and, with respect to financial transactions occurring in whole and in part in the United States, an offense against a foreign nation involving the manufacture, importation, sale, and distribution of a controlled substance.

All in violation of Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2.

20

**COUNT NINE:** (18 U.S.C. § 1956(a)(2)(B)(i) - International Money Laundering; and 18 U.S.C. § 2 - Aiding and Abetting)

The Grand Jury further charges that:

On or about the dates, and at or about the locations, specified below, in the District of Massachusetts, the District of Puerto Rico, Portugal, Venezuela, Colombia, and elsewhere,

>       1.  **ALDO FERNANDO GUERRERO CLAVIJO,**
>           **a.k.a. Carlos Fernando Guerrero C,**
>           **a.k.a. "Zeus," a.k.a. "Rolo,"**
>       5.  **JOHAN LEONARDO JAUREGUI VARGAS,**
>           **a.k.a. Jhojan Jauregui Frias, a.k.a.**
>           **"Leo,"**
>       8.  **EDUARDO PABUENCE,**
>           **a.k.a. Eduardo Vene,**
>       9.  **WILSON ORLANDO SERNA-HOYOS,**
>           **a.k.a. "El Mono," and**
>       15. **JUAN CARLOS GUADALUPE-NUNEZ,**
>           **a.k.a. "El Viejo,"**

defendants herein, did, and attempt to, transport, transmit, and transfer, and aid, abet, counsel, command, induce, and procure another person to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States that is, the delivery of $575,125.00 in U.S. currency in Isla Verde, Puerto Rico, on June 2, 2009, the deposit and transfer of that currency into a financial institution in the District of Massachusetts, and the subsequent wire transfer of $546,321.75 on June 10, 2009, to a bank account in Portugal, knowing that the monetary instruments and funds involved in the transportation, transmission, and

transfer represented the proceeds of some form of unlawful
activity, and knowing that the transportation, transmission, and
transfer was designed, in whole and in part, to conceal and
disguise the nature, the location, the source, the ownership, and
the control of the proceeds of specified unlawful activity, that
is, the felonious manufacture, importation, receiving,
concealment, buying, selling, and otherwise dealing in a
controlled substance and, with respect to financial transactions
occurring in whole and in part in the United States, an offense
against a foreign nation involving the manufacture, importation,
sale, and distribution of a controlled substance.

All in violation of Title 18, United States Code, Sections
1956(a)(2)(B)(i) and 2.

22

**COUNT TEN:**     (18 U.S.C. § 1956(a)(2)(B)(i) - International
Money Laundering; and 18 U.S.C. § 2 - Aiding and
Abetting)

The Grand Jury further charges that:

On or about the dates, and at or about the locations,
specified below, in the District of Massachusetts, Sint Maarten,
Panama, Colombia, and elsewhere,

> 5.   **JOHAN LEONARDO JAUREGUI VARGAS,**
>       **a.k.a. Jhojan Jauregui Frias, a.k.a.**
>       **"Leo," and**
> 16.  **DANIEL OSORIO GARCIA,**

defendants herein, did, and attempt to, transport, transmit, and
transfer, and aid, abet, counsel, command, induce, and procure
another person to transport, transmit, and transfer a monetary
instrument and funds from a place in the United States to and
through a place outside the United States, and to a place in the
United States from and through a place outside the United States,
that is, the delivery of $169,000.00 in Sint Maarten, on March
11, 2010, the deposit and transfer of that currency into a
financial institution in the District of Massachusetts, and the
subsequent wire transfer of $157,170.00 on March 16, 2010, to a
bank account in Panama, knowing that the monetary instruments and
funds involved in the transportation, transmission, and transfer
represented the proceeds of some form of unlawful activity, and
knowing that the transportation, transmission, and transfer was
designed, in whole and in part, to conceal and disguise the
nature, the location, the source, the ownership, and the control

23

of the proceeds of specified unlawful activity, that is, the
felonious manufacture, importation, receiving, concealment,
buying, selling, and otherwise dealing in a controlled substance
and, with respect to financial transactions occurring in whole
and in part in the United States, an offense against a foreign
nation involving the manufacture, importation, sale, and
distribution of a controlled substance.

    All in violation of Title 18, United States Code, Sections
1956(a)(2)(B)(i) and 2.

24

**COUNT ELEVEN:**   (Title 18, United States Code, Section 1956(a)(1)
- Money Laundering; and Title 18, United States
Code, Section 2)

The Grand Jury further charges that:

On or about the dates, and at or about the locations,
specified below, at Boston, and elsewhere in the District of
Massachusetts, the Southern District of Florida, Colombia and
elsewhere,

1.   **ALDO FERNANDO GUERRERO CLAVIJO,**
**a.k.a. Carlos Fernando Guerrero C,**
**a.k.a. "Zeus," a.k.a. "Rolo," and**
17.   **JULISSA PEREZ,**

defendants herein, knowing that the property involved in a
financial transaction represented the proceeds of some form of
unlawful activity, did knowingly conduct, attempt to conduct,
and aid, abet, counsel, command, induce, and procure another
person to conduct, a financial transaction affecting interstate
commerce, that is the delivery of $100,800.00 in U.S. currency in
Boston, Massachusetts on September 7, 2010, the deposit and
transfer of that currency into a financial institution in the
District of Massachusetts, and the subsequent wire transfer of
$14,272.00 and $83,000.00 to bank accounts in the Southern
District of Florida, which in fact involved the proceeds of a
specified unlawful activity, that is, the felonious manufacture,
importation, receiving, concealment, buying, selling, or
otherwise dealing in a controlled substance:

(A) with the intent to promote the carrying on of said

specified unlawful activity; and

    (B) knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of said specified unlawful activity.

        All in violation of Title 18, United States Code, Section 1956(a)(1) and 2.

26

**COUNT TWELVE:** **(18 U.S.C. § 1956(a)(1)(B)(i) - Money Laundering;
18 U.S.C. § 2 - Aiding and Abetting)**

The Grand Jury further charges that:

On or about the dates, and at or about the locations,
specified below, in the District of Massachusetts, the Northern
District of Illinois, the Southern District of Florida,
Colombia, and elsewhere,

> 1.  **ALDO FERNANDO GUERRERO CLAVIJO,**
>     **a.k.a. Carlos Fernando Guerrero C,**
>     **a.k.a. "Zeus," a.k.a. "Rolo,"**
> 2.  **NELSON ALVARO ARTEAGA-ESPINOZA,**
>     **a.k.a. "Pastuso," and**
> 14. **GUILLERMO VILLEGAS ZULUAGA,**
>     **a.k.a. "Memo,"**

defendants herein, knowing that the property involved in a
financial transaction represented the proceeds of some form of
unlawful activity, did knowingly conduct, attempt to conduct, and
aid, abet, counsel, command, induce, and procure another person
to conduct and attempt to conduct, a financial transaction
affecting interstate and foreign commerce, that is, the delivery
of $481,999.00 in U.S. currency on February 7, 2011, in the
Northern District of Illinois, the deposit and transfer of that
currency into a financial institution in the District of
Massachusetts, and the subsequent wire transfer of $30,000.00 on
February 10, 2011, into a bank account in the Southern District
of Florida, which transaction in fact involved the proceeds of
specified unlawful activity, that is, the felonious manufacture,

27

importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance, knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

COUNT THIRTEEN:     (Title 18, United States Code, Section
                    1956(a)(1) - Money Laundering; and Title 18,
                    United States Code, Section 2)

The Grand Jury further charges that:

On or about the dates, and at or about the locations,

specified below, at Boston, and elsewhere in the District of

Massachusetts, Panama, Venezuela, Colombia and elsewhere,

> 1. **ALDO FERNANDO GUERRERO CLAVIJO,**
> **a.k.a. Carlos Fernando Guerrero C,**
> **a.k.a. "Zeus," a.k.a. "Rolo," and**
> 17. **JULISSA PEREZ,**

defendants herein, knowing that the property involved in a

financial transaction represented the proceeds of some form of

unlawful activity, did knowingly conduct, attempt to conduct

and aid, abet, counsel, command, induce, and procure another

person to conduct and attempt to conduct, a financial transaction

affecting interstate commerce, that is, the delivery of

$84,000.00 in U.S. currency in Boston, Massachusetts on February

23, 2011, the deposit and transfer of that currency into a

financial institution in the District of Massachusetts, and the

subsequent wire transfer of $81,060.00 to a bank account in

Panama, which in fact involved the proceeds of a specified

unlawful activity, that is, the felonious manufacture,

importation, receiving, concealment, buying, selling, or

otherwise dealing in a controlled substance:

(A) with the intent to promote the carrying on of said

specified unlawful activity; and

29

(B) knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of said specified unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1) and 2.

30

COUNT FOURTEEN:     (Title 18, United States Code, Section
                    1956(a)(1) - Money Laundering; and Title 18,
                    United States Code, Section 2)

The Grand Jury further charges that:

On or about the dates, and at or about the locations,
specified below, at Boston, and elsewhere in the District of
Massachusetts, Panama, Venezuela, Colombia and elsewhere,

        1.  ALDO FERNANDO GUERRERO CLAVIJO,
            a.k.a. Carlos Fernando Guerrero C,
            a.k.a. "Zeus," a.k.a. "Rolo," and
        18. HENDERSON MARTINEZ,
            a.k.a. "Juan,"

defendants herein, knowing that the property involved in a
financial transaction represented the proceeds of some form of
unlawful activity, did knowingly conduct, attempt to conduct and
aid, abet, counsel, command, induce, and procure another person
to conduct and attempt to conduct, a financial transaction
affecting interstate and foreign commerce, that is, the delivery
of $99,700.00 in U.S. currency in Boston, Massachusetts on
February 25, 2011, the deposit and transfer of that currency into
a financial institution in the District of Massachusetts, and the
subsequent wire transfer of $96,211.00 to a bank account in
Panama, which in fact involved the proceeds of a specified
unlawful activity, that is, the felonious manufacture,
importation, receiving, concealment, buying, selling, or
otherwise dealing in a controlled substance:

(A) with the intent to promote the carrying on of said

31

specified unlawful activity; and

(B) knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of said specified unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1) and 2.

32

COUNT FIFTEEN:          (Title 18, United States Code, Section
                        1956(a)(1) - Money Laundering; and Title 18,
                        United States Code, Section 2)

The Grand Jury further charges that:

On or about the dates, and at or about the locations,

specified below, at Woburn and elsewhere in the District of

Massachusetts, Panama, Venezuela, Colombia and elsewhere,

> 1.  ALDO FERNANDO GUERRERO CLAVIJO,
>     a.k.a. Carlos Fernando Guerrero C,
>     a.k.a. "Zeus," a.k.a. "Rolo,"
> 13. FREDDY FRANCISCO CAICEDO,
>     a.k.a. "la Salsa," a.k.a. "Moreno," and
> 19. ROBERTO TORRES-COLON,
>     a.k.a. "Chappa,"

defendants herein, knowing that the property involved in a

financial transaction represented the proceeds of some form of

unlawful activity, did knowingly conduct, attempt to conduct, and

aid, abet, counsel, command, induce, and procure another person

to conduct and attempt to conduct, a financial transaction

affecting interstate and foreign commerce, that is, the delivery

of $100,020.00 in U.S. currency in Woburn, Massachusetts on March

2, 2011, the deposit and transfer of that currency into a

financial institution in the District of Massachusetts, and the

subsequent wire transfer of $96,519.00 to a bank account in

Panama, which in fact involved the proceeds of a specified

unlawful activity, that is, the felonious manufacture,

importation, receiving, concealment, buying, selling, or

otherwise dealing in a controlled substance:

33

(A) with the intent to promote the carrying on of said specified unlawful activity; and

(B) knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of said specified unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1) and 2.

**COUNT SIXTEEN:**      **(18 U.S.C. § 1956(a)(1)(B)(i) - Money**
**Laundering; 18 U.S.C. § 2 - Aiding and**
**Abetting)**

The Grand Jury further charges that:

On or about the dates, and at or about the locations,
specified below, in the District of Massachusetts, the Northern
District of Illinois, the Southern District of Florida,
Colombia, and elsewhere,

> 1. **ALDO FERNANDO GUERRERO CLAVIJO,**
>    **a.k.a. Carlos Fernando Guerrero C,**
>    **a.k.a. "Zeus," a.k.a. "Rolo,"**
> 2. **NELSON ALVARO ARTEAGA-ESPINOZA,**
>    **a.k.a. "Pastuso," and**
> 14. **GUILLERMO VILLEGAS ZULUAGA,**
>    **a.k.a. "Memo,"**

defendants herein, knowing that the property involved in a
financial transaction represented the proceeds of some form of
unlawful activity, did knowingly conduct, attempt to conduct, and
aid, abet, counsel, command, induce, and procure another person
to conduct and attempt to conduct, a financial transaction
affecting interstate and foreign commerce, that is, the delivery
of $300,000.00 in U.S. currency on March 29, 2011, in the
Southern District of New York, the deposit and transfer of that
currency into a financial institution in the District of
Massachusetts, and the subsequent wire transfer of $30,000.00 on
April 1, 2011, into a bank account in the Southern District of
Florida, which transaction in fact involved the proceeds of
specified unlawful activity, that is, the felonious manufacture,

35

importation, receiving, concealment, buying, selling, or

otherwise dealing in a controlled substance, knowing that the

transaction was designed, in whole and in part, to conceal and

disguise the nature, the location, the source, the ownership and

the control of the proceeds of specified unlawful activity.

All in violation of Title 18, United States Code, Sections

1956(a)(1)(B)(i) and 2.

36

## MONEY LAUNDERING FORFEITURE ALLEGATION

### (18 U.S.C. § 982(a)(1))

The Grand Jury further charges that:

1.    Upon conviction of any one or more of the offenses alleged in Counts One, and Three through Sixteen of the Indictment,

```
            1.  ALDO FERNANDO GUERRERO CLAVIJO,
                 a.k.a. Carlos Fernando Guerrero C,
                 a.k.a. "Zeus," a.k.a. "Rolo,"
            2.  NELSON ALVARO ARTEAGA-ESPINOZA,
                 a.k.a. "Pastuso,"
            3.  JUAN CARLOS GOMEZ-PRECIADO,
                 a.k.a. "Camilo,"
            4.  ANDRES COVELLI CADAVID,
                 a.k.a. "Don Andres," a.k.a. Andres
                 Torres Landines,
            5.  JOHAN LEONARDO JAUREGUI VARGAS,
                 a.k.a. Jhojan Jauregui Frias, a.k.a.
                 "Leo,"
            6.  CARLOS ORLANDO ZAMBRANO-BRICEÑO,
                 a.k.a. "Ajigbotifa Agunsola,"
            7.  JOSE ALBERTO CARMONA COLMENARES,
            8.  EDUARDO PABUENCE,
                 a.k.a. Eduardo Vene,
            9.  WILSON ORLANDO SERNA-HOYOS,
                 a.k.a. "El Mono,"
           10.  PEDRO JOSÉ AMADO MONTILLA,
                 a.k.a. "El Viejo,"
           11.  JAIME TORRES-RODRIGUEZ,
           12.  WYLLSYEN MARQUEZ-GOMEZ,
                 a.k.a. "Primo,"
           13.  FREDDY FRANCISCO CAICEDO,
                 a.k.a. "la Salsa," a.k.a. "Moreno,"
           14.  GUILLERMO VILLEGAS ZULUAGA,
                 a.k.a. "Memo,"
           15.  JUAN CARLOS GUADALUPE-NUNEZ,
                 a.k.a. "El Viejo,"
           16.  DANIEL OSORIO GARCIA,
           17.  JULISSA PEREZ,
           18.  HENDERSON MARTINEZ, and
           19.  ROBERTO TORRES-COLON,
```

### a.k.a. "Chappa,"

defendants herein, shall forfeit to the United States any property, real or personal, involved in the offense in violation of 18 U.S.C. § 1956, and all property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

> (a) A sum of money equal to the total amount of money involved in the offense, which may be entered in the form of a joint and several forfeiture money judgment;
>
> (b) Any and all funds contained in Wachovia Bank account number 2000034393859, held in the name of ZAVIL CORP;
>
> (c) Any and all funds contained in JP Morgan Chase Bank account number 3001174147, held in the name of GUILLERMO VILLEGAS; and
>
> (d) Any and all funds contained in Regions Bank account number 0056593562, held in the name of GUILLERMO VILLEGAS.

2.   If any of the property described in paragraph 1 above, as a result of any act or omission of a defendant,

> (a) cannot be located upon the exercise of due diligence;
>
> (b) has been transferred or sold to, or deposited with, a third party;
>
> (c) has been placed beyond the jurisdiction of the Court;

38

    (d)   has been substantially diminished in value; or

    (e)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1.

All pursuant to Title 18 United States Code, Section 982 and Rule 32.2 of the Federal Rules of Criminal Procedure.

39

## DRUG FORFEITURE ALLEGATION

### (21 U.S.C. §§ 953 and 970 -- Criminal Forfeiture)

The Grand Jury further charges that:

1.    Upon conviction of the offense alleged in Count Two of this Indictment,

> 1.  **ALDO FERNANDO GUERRERO CLAVIJO,**
>     **a.k.a. Carlos Fernando Guerrero C,**
>     **a.k.a. "Zeus," a.k.a. "Rolo,"**
> 3.  **JUAN CARLOS GOMEZ-PRECIADO**
>     **a.k.a. "Camilo," and**
> 20. **RIGOBERTO MURIEL TORRES,**
>     **a.k.a. "la Erre"**

defendants herein, shall jointly and severally forfeit to the United States, pursuant to 21 U.S.C. §§ 853 and 970: (1) any and all property constituting, or derived from, any proceeds obtained directly or indirectly as a result of the charged offense; and (2) any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the offense.

2.  If any of the forfeitable property described in paragraph 1, as a result of any act or omission of a defendant:

> (a)  cannot be located upon the exercise of due diligence;

> (b)  has been transferred or sold to, or deposited with, a third party;

> (c)  has been placed beyond the jurisdiction of the Court;

> (d)  has been substantially diminished in value; or

40

(e)   has   been   commingled   with   other   property   which
cannot   be   subdivided   without   difficulty;

it is the intention of the United States, pursuant to 21 U.S.C.
§ 853(p), incorporated by 21 U.S.C. § 970, to seek forfeiture of
any other property of said defendants up to the value of the
property described in paragraph 1.

All pursuant to Title 21 United States Code, Sections 853 and
970, and Rule 32.2 of the Federal Rules of Criminal Procedure.


A TRUE BILL

FOREPERSON OF THE GRAND JURY


Neil J. Gallagher, Jr.
Assistant United States Attorney


DISTRICT OF MASSACHUSETTS; May 12, 2011

Returned into the District Court by the Grand Jurors and
filed.

DEPUTY CLERK